**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4131-18T3

AMERICAN DREAM
CONSTRUCTION,

      Plaintiff-Appellant,

v.

MIRVA RIVERA,

      Defendant-Respondent.

_____

Submitted October 14, 2020 – Decided October 29, 2020

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-013225-18.

Bastarrika, Soto, Gonzalez & Somohano, LLP, attorneys for appellant (Franklin G. Soto, on the brief).

Mirva Rivera, respondent pro se.

PER CURIAM

In this breach-of-contract case, plaintiff American Dream Construction appeals from a judgment in favor of defendant Mirva Rivera issued after a bench

trial. Plaintiff argues that the trial judge erred in failing to give any consideration to a purported exemplar of defendant's signature and in refusing to permit plaintiff's counsel to cross-examine defendant. Because the judge acted within his discretion in weighing the evidence before him and because plaintiff's counsel never asked to cross-examine defendant, we affirm.

In the complaint, plaintiff alleged that it had an agreement with defendant to replace the roof of defendant's house for $14,000. According to plaintiff, the work was completed, and a remaining payment of $7000 was due. In her answer, defendant stated that she had agreed to a payment of $11,000 and denied that the parties had signed a contract, plaintiff had completed properly the work, and she owed plaintiff any money.

During this Special Civil Part bench trial, plaintiff presented only one witness, plaintiff's owner. He testified that: he was hired to work on defendant's roof, he had a contract, plaintiff had completed the work in accordance with the contract, and defendant owed plaintiff $7000. Through that witness, plaintiff's counsel submitted to the judge a copy of the contract on which plaintiff bases its case. The judge described the contract as stating, "owner, Mirva. That's what . . . it says and . . . it's not written in cursive. It's almost like it's printed out."[1]

---

[1] Plaintiff did not include a copy of the contract in its appellate submissions.

A-4131-18T3

Defendant, who was self-represented, cross-examined plaintiff's witness. He conceded that he had never met defendant and had not witnessed the execution of the contract. He initially testified that he had given the contract to a friend. He also stated that a co-worker had provided the contract to defendant's sister. He later testified that his friend had given the contract to defendant, he believed she had signed it, and he received the signed contract with a check. He ultimately acknowledged that he did not know who had signed the contract. Plaintiff did not call the co-worker, his friend, or defendant's sister to testify at trial and did not attempt to introduce the check into evidence.

When defendant finished her cross-examination, she stated that she had not signed the contract and had not seen it previously. After that statement, the judge asked plaintiff's counsel: "Do you have any other questions? Do you have any other witnesses?" Plaintiff's counsel answered, "[n]o."

The judge then asked defendant if she wanted to testify. Defendant again stated that she had not met plaintiff's witness, had not entered into a contract with him, and had not executed the contract produced by him. She denied that the signature on the contract was her signature. She indicated that the contract signature was printed. She stated that she does not print her signature, but signs

it. When defendant indicated that she had completed her testimony, plaintiff's counsel did not ask to cross-examine her.

The judge then asked plaintiff's witness about the check he had received. The witness, who had not brought a copy of the check with him, instead handed to the judge an Open Public Records Act (OPRA) request form obtained by plaintiff's counsel and purportedly signed by defendant. Plaintiff's counsel asked the judge to compare the signature on that document with the signature on the contract. The judge looked at the document, noted that the signature on the contract was printed, and had the OPRA request form marked.

In his decision, the judge correctly held that plaintiff had the burden of proving its case by a preponderance of the evidence. See Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016). He stated his factual findings, including that plaintiff's sole witness was not present when the contract was signed and was not present when the check was submitted. He pointed out that plaintiff had not produced the check and had not called as a witness the friend who had received the check. He noted that defendant had denied signing the contract or entering into a contract with plaintiff's witness. The judge concluded that "at best . . . the evidence is [in] equipoise, would be equal." He held that plaintiff had not established that defendant had signed the contract or made the down payment.

Because plaintiff had not met its burden of proof, the judge found in favor of defendant.

Plaintiff asserts without citation to the record that the judge "ignored" and "refused to consider" the OPRA request form. That assertion is not supported by the record. In fact, the record demonstrates that the judge took the form from plaintiff's witness, looked at it, and had it marked. Plaintiff contends that the judge refused to compare the signature on the contract with the signature on the request form. In fact, after plaintiff's witness handed the judge the request form, the judge looked specifically at the purported signature on the contract and stated that defendant's name was "not written in cursive" and was "almost like it's printed out." The signature on the request form is in cursive.[2]

Our review of a trial court's findings in a non-jury case is limited. We will not "disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963); see also Seidman v. Clifton Savs. Bank, S.L.A., 205

---

[2] We know the signature on the OPRA request form is in cursive because, unlike the contract, plaintiff included a copy of the OPRA request form in its appellate submissions.

A-4131-18T3

N.J. 150, 169 (2011). Factual findings by a judge in a non-jury case "are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). Plaintiff introduced the OPRA request form in an attempt to support plaintiff's contention that defendant had signed the contract. Given that the "signature" on the contract is printed and the signature on the OPRA form is in cursive, the judge understandably may have given little or no weight to the OPRA request form. That determination was within his discretion.

Plaintiff asserts without citation to the record that the judge refused to permit plaintiff's counsel to cross-examine defendant. In fact, plaintiff's counsel never asked to cross-examine defendant and, thus, the judge never refused a cross-examination request from plaintiff's counsel. At the conclusion of defendant's testimony, the judge asked plaintiff's witness a question about the down-payment check. Plaintiff's counsel did not then ask to cross-examine defendant and did not object to the judge's question. Instead, plaintiff's counsel seemed to present plaintiff's witness in rebuttal to defendant's testimony that she had not signed the contract. On rebuttal, plaintiff's witness raised for the first time the OPRA request form, a document plaintiff had not presented during its witness's initial testimony. Because plaintiff's counsel did not ask to cross-

A-4131-18T3

examine defendant and did not object when the court proceeded to plaintiff's rebuttal case, we find no merit in plaintiff's argument. See Vartenissian v. Food Haulers, Inc., 193 N.J. Super. 603, 610 (App. Div. 1984) (finding that without an "objection, from which the trial judge would have had an opportunity to cure the defect, we will not consider the deficiency on appeal").

We are mindful that our case law has recognized the potential importance of cross-examination in "ascertaining the truth of a matter." Jamgochian v. N.J. State Parole Bd., 394 N.J. Super. 517, 536 (App. Div. 2007), aff'd as modified, 196 N.J. 222 (2008). Perhaps the better course would have been for the judge to ask plaintiff's counsel if she wanted to cross-examine defendant, even though she had not requested it. If that omission to ask in the face of plaintiff's counsel's failure to request cross-examination was error, it was invited error. Trial errors that were "induced" or "acquiesced in" by counsel "are not a basis for reversal on appeal." State v. Harper, 128 N.J. Super. 270, 277 (App. Div. 1974); see also State v. Corsaro, 107 N.J. 339, 345 (1987).

We would not invoke the doctrine of invited error if doing so would "cause a fundamental miscarriage of justice." Brett v. Great Am. Recreation, 144 N.J. 479, 508 (1996). Here, we see no miscarriage of justice. In order to prevail, plaintiff had a burden to prove by a preponderance of the evidence that the

parties had entered into a contract that contained the terms alleged by plaintiff. See Globe Motor, 225 N.J. at 482. At trial, plaintiff did not call as a witness someone who had met with defendant and had seen her sign the contract at issue. Instead, plaintiff presented a witness who had never met defendant and submitted to the judge a signature exemplar that was in cursive even though the signature on the contract was printed. The judge reasonably found that plaintiff had failed to meet its burden of proof.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION